FILED
CLERK, U.S. DISTRICT COURT
FEB 28 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> KAREN CAMERON, et al., <br><br> Defendants. | No. CV 13-921-UA (Duty) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

On February 8, 2013, defendant Kimberly Leath ("defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis.

Defendant's notice of removal of this state court unlawful detainer action is insufficient to overcome the "strong presumption against removal jurisdiction" and to meet the removing party's burden of "establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see 28 U.S.C. § 1441; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). Defendant seeks removal on the basis of federal question jurisdiction. To establish federal question jurisdiction under 28 U.S.C. § 1331,

a party seeking removal must make it "apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000). Defendant asserts that a federal question arises under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220 (the "PTFA"), stating that plaintiff's complaint "was required to state a cause of action under the PTFA." (Notice at 4). However, plaintiff does not allege any federal cause of action. Nor does it appear that federal law is a necessary element of plaintiff's claim. Thus, defendant has not alleged facts establishing the existence of a federal question on the face of the complaint, and plaintiff could not have brought this action in federal court in the first place. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 592-93, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("the sole issue is whether a federal question appears on the face of the plaintiff's well-pleaded complaint") (internal citation omitted). Moreover, to the extent that defendant asserts a federal defense, a case may not be removed to federal court on the basis of a federal defense or a federal counter-claim. See 28 U.S.C. §§ 1331, 1441(c); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-832, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002); Hunter, 582 F.3d at 1042.

Neither has defendant alleged or shown that complete diversity of citizenship exists between the parties (see 28 U.S.C. § 1332(a)(1)-(4)), or satisfied the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). "[W]hen the state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty" that the jurisdictional amount is met. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). The unlawful detainer complaint, which was filed on October 5, 2012, demands damages at the rate of $50.00 per day from September 21, 2012, for each day that defendants remain in possession through entry of judgment. Accordingly, defendant has not met her burden to prove to a "legal certainty" that the jurisdictional amount is in excess of $75,000. See 28 U.S.C. §§ 1332, 1441(b); Guglielmino, 506 F.3d at 699-701.

As defendant does not competently allege facts supplying either federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction over the instant action. See 28 U.S.C. § 1441(a); Exxon Mobil Corp., 545 U.S. at 563. Removal of this action is therefore improper. See 28 U.S.C. § 1441(a); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Accordingly, **IT IS ORDERED** that this matter be **remanded** to the Superior Court of California, Los Angeles County, Michael D. Antonovich Courthouse, 42011 4th Street West, Lancaster, CA 93534, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). **IT IS FURTHER ORDERED** that the Clerk of the Court send a certified copy of this Order to the state court and serve copies of this Order on all parties or their counsel.

DATED: 2/13/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE